**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

CIVIL ACTION NO. 17-3-DLB

CHARLES NEUMAN,                                                    PETITIONER

vs.                         **MEMORANDUM OPINION
AND ORDER**

SANDRA BUTLER, Warden,                                    RESPONDENT

*** *** *** ***

Inmate Charles Neuman has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. #1). The Court conducts an initial review of Neuman's Petition. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court must deny relief.

**I.    Factual and Procedural Background**

In 2008, a federal grand jury in New Orleans issued a five-count indictment charging Neuman with smuggling, operating an enterprise to traffic in counterfeit merchandise, and being a felon in possession of a firearm. After he was found competent to stand trial, a jury found him guilty on all counts.

At the sentencing hearing, the trial court noted that Neuman had numerous prior convictions, including three for first-degree robberies under La. R. S. §14:64.1 committed on February 23, 1993, February 28, 1993, and March 2, 1993 in Case No. 93-1210. During at least two of those robberies, Neuman or his accomplice brandished a gun. He had also been twice convicted in 1998 and 1999 for possession with intent to distribute

1

substantial quantities of marijuana in Case No. 98-504 and Case No. 1037-001. Because at least three of those offenses qualified as "serious drug offenses" or "violent felonies," the trial court concluded that Neuman was an armed career criminal pursuant to 18 U.S.C. § 924(e)(1), subjecting him to a mandatory minimum sentence of 15 years for his violation of 18 U.S.C. § 922(g).

However, the court imposed a longer sentence of 210 months (17.5 years) for that offense—at the very bottom of the recommended range under the Sentencing Guidelines—based upon additional sentencing factors. That sentence was to run concurrently with his 210-month sentence for facilitating the importation of counterfeit goods. *United States v. Neuman*, No. 2:08-CR-24-EEF-ALC-1 (E.D. La. 2008).

The Fifth Circuit affirmed on direct appeal over Neuman's objections to both his convictions and resulting sentence. *United States v. Neuman*, 406 F. App'x 847 (5th Cir. 2010). In 2012, the trial court denied Neuman's initial motion for relief from the judgment and to vacate his convictions pursuant to 28 U.S.C. § 2255, and the Fifth Circuit denied a certificate of appealability.

In June 2015, the Supreme Court issued its decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), in which it held that the "residual clause" found in § 924(e)(2)(B)(ii) is unconstitutionally vague. *Id.* at 2557. Just shy of one year later and represented by a federal public defender, Neuman sought permission from the Fifth Circuit to file a second or successive motion under § 2255 to invoke *Johnson* as a new rule of constitutional law to invalidate the enhancement of his § 922(g) conviction pursuant to § 924(e). In August 2016, the Fifth Circuit denied his request because his predicate offenses for first-degree robbery under Louisiana law constituted crimes of violence under

the "use of force" clause found in § 924(e)(2)(B)(i), not the residual clause set forth in § 924(e)(2)(B)(ii) invalidated by *Johnson*. *In re: Charles Neuman*, No. 16-30646 (5th Cir. Aug. 23, 2016) (citing *United States v. Brown*, 437 F. 3d 450, 452-53 (5th Cir. 2006)). The "use of force" clause was unaffected by *Johnson*. *Johnson*, 135 S. Ct. at 2563.

In February 2017 Neuman filed another motion with the Fifth Circuit requesting permission to file a second or successive § 2255 motion. In a fashion similar to his first request, Neuman's application referred to the Supreme Court's recent decision in *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016), but his arguments were not based upon it. Instead, his application asserted the same arguments considered and rejected by the Fifth Circuit the year before. The Fifth Circuit denied Neuman's application because *Mathis* did not articulate a new rule of constitutional law made retroactively applicable to cases on collateral review by the Supreme Court, and his application therefore did not satisfy the gatekeeping provisions of § 2255(h). *In re: Neuman*, No. 17-30087 (5th Cir. Mar. 29, 2017).

In his *pro se* petition filed in this Court, Neuman again invokes *Johnson* and *Mathis* to assert that his prior first-degree robbery convictions could not be used as valid predicates to enhance his sentence under § 924(e). But while he makes passing references to *Johnson* and *Mathis* (Doc. # 1 at 3-4), his arguments are not based upon either decision. Instead, Neuman makes the same argument he made in both of his § 2244(b)(3) applications: that the Fifth Circuit should not apply its precedent in *Brown* to conclude that his robbery offenses qualified as predicates under the "use of force" clause in light of the Supreme Court's 2010 decision in *Johnson v. United States*, 559 U.S. 133 (2010). (Doc. # 1 at 5-9). Finally, Neuman contends that he may pursue his

claims in this proceeding in light of the Sixth Circuit's decision in *Hill v. Masters*, 836 F. 3d 519 (6th Cir. 2015).

II.     Analysis

   A. Neuman's Other Motions

Before discussing the merits of his claims, the Court will address the three motions Neuman filed after his petition was submitted. In the first, he asks the Court to expedite consideration of his petition, noting that a recent biopsy indicated that he has cancer and he wishes to seek outside medical treatment. (Doc. # 8). The Court has also received a seven letters in support of his petition from family members across the country expressing their concern for his health and his suitability for release from prison. (Doc. # 14). Under the circumstances, the Court will **grant** this request.

Neuman has also filed a Motion for Summary Judgment (Doc. # 10). However, the Court does not apply Federal Rule of Civil Procedure 56 in habeas proceedings, as the procedures and standards applicable to summary judgment motions in civil cases are distinct from those applicable to habeas proceedings. See Fed. R. Civ. P. 81(a)(4); Habeas Rule 12. He has also filed a Motion to Proceed *in forma pauperis*, apparently in a renewed effort to seek the appointment of counsel. (Doc. # 11). As the Court noted in denying Neuman's first such request, the appointment of counsel in habeas proceedings is the exception rather than the rule, and Neuman has presented his claims with adequate clarity. Therefore, the Court will **deny** both motions.

### B. Neuman's § 2241 Petition

The Court has thoroughly reviewed Neuman's arguments in support of his petition, but concludes that none of them state a viable claim for relief under § 2241.

First, the Supreme Court's decisions in *Johnson* and *Mathis* cannot form the basis for a claim which can be asserted in a § 2241 petition. A Section 2241 petition may only be used as a vehicle to challenge actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his conviction or sentence must use a motion under Section 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between permissible uses for a § 2255 motion and a § 2241 petition).

28 U.S.C. § 2255(e) does permit a prisoner to challenge his conviction in a habeas corpus petition under § 2241, but only when the remedy afforded by § 2255 is structurally "inadequate or ineffective" to assert the claim. The prisoner may not resort to Section 2241 to seek relief even when Section 2255 is not presently "available" to him, whether because he filed a timely § 2255 motion and was denied relief; he did not file a timely § 2255 motion; or he filed an untimely motion. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001).

Here the Fifth Circuit correctly concluded that Neuman's *Johnson* claim could be asserted in a second or successive motion under § 2255 because it was constitutionally-

based and because the Supreme Court declared *Johnson* to be retroactively applicable to cases on collateral review in *Welch v. United States*, __ U.S. __ 136 S. Ct. 1257, 1265 (2016). The remedy under § 2255 was therefore not structurally inadequate or ineffective to assert a claim under it, preventing assertion of a *Johnson* claim in a § 2241 petition. *Cf. Woodson v. Meeks*, No. 0:15-4209-BHH, 2016 WL 8669184, at *1 (D.S.C. Oct. 14, 2016); *Lewis v. Butler*, No. 16-135-DLB, 2016 WL 4942005, at *2-3 (E.D. Ky. Sept. 14, 2016). That the Fifth Circuit denied Neuman's motion to file a successive § 2255 motion is of no moment: it did so because it concluded that his *Johnson* claim lacked merit, not because it failed to satisfy the requirements of § 2255(h)(2). Section 2255 was therefore a viable mechanism for Neuman to assert a *Johnson* claim, and resort to Section 2241 is impermissible. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004).

Neuman's claim under *Mathis* also may not be pursued under § 2241, albeit for a different reason. Unlike *Johnson*, *Mathis* did not involve an issue of constitutional law, and therefore a claim under that decision could not be asserted in a second or successive § 2255 motion. However, 28 U.S.C. § 2255(e) permits a challenge to a conviction or sentence to be asserted in a § 2241 petition only in an extremely narrow class of cases where the inmate asserts a claim of "actual innocence." Actual innocence is a legal term of art which means a claim based upon a Supreme Court decision issued after his conviction became final which re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012).

The Supreme Court itself made abundantly clear that its decision in *Mathis* is not retroactively applicable to cases on collateral review because it did not articulate a "new" rule, but merely applied long-established precedent. *Mathis*, 136 S. Ct. at 2247, 2251-52 (citing *Taylor v. United States*, 495 U.S. 575 (1990)). Consistent with the Supreme Court's direction, every federal court of appeals to have addressed the issue has so held. *Cf. In re: Hernandez*, 857 F. 3d 1162, 1164 (11th Cir. 2017); *United States v. Taylor*, 672 F. App'x 860, 864-65 (10th Cir. 2016). It therefore cannot be asserted as grounds for relief in a § 2241 petition. *Wooten*, 677 F.3d at 307-08.

But more fundamentally, *Mathis*, like *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013) before it, interprets the scope of neither the federal statute of conviction nor the state or federal statutes used to enhance the sentence imposed. Rather, those cases discuss merely the proper analytical method to be used by the federal trial court when evaluating whether a prior offense constitutes a valid predicate. Put another way, both cases address only process, not application of that process to a particular statute or class of statutes. These decisions neither "de-criminalized" the conduct giving rise to a federal conviction nor invalidated the use of a particular predicate offense as a basis for enhancement of a federal sentence, and hence are not the type of claim cognizable in a § 2241 petition. *Charles v. Chandler*, 180 F.3d 753, 755-57 (6th Cir. 1999) (per curiam) (citing *Bousley v. United States*, 523 U.S. 614, 622-23 (1998)).

In addition, in Neuman's particular circumstances neither case provides a basis for relief. Even where it applies, the decidedly narrow scope of relief available under Section 2241 has been limited to federal convictions, not to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings

clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a Section 2241 petition, but only where (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that—as a matter of statutory interpretation—a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600. Neuman's claim fails to satisfy the threshold requirement of *Hill* because he was sentenced in 2009, four years after *Booker* was decided, and his sentence was imposed under a Sentencing Guidelines regime that was advisory rather than mandatory. Neuman's claim therefore falls outside the decidedly narrow exception set forth in *Hill*, and his sentencing claim does not fall within the narrow scope of Section 2255(e)'s savings clause. *Peterman*, 249 F.3d at 462.

As the Fifth Circuit correctly noted, Neuman's offense was subject to a 15-year mandatory minimum because his first-degree robbery convictions constituted crimes of violence under the "use of force" clause found in § 924(e)(2)(B)(i). Neuman's reliance upon *Johnson* is misplaced because the now-invalidated "residual clause" in § 924(e)(2)(B)(ii) was not used to enhance his sentence; his reliance upon *Mathis* is likewise misplaced because the "enumerated offenses" clause at issue in that case was not used a basis to enhance his sentence either. Indeed, Neuman himself stated that the

enumerated offenses clause did not apply to his robbery convictions because "they are clearly not a generic burglary, arson, extortion, or use of explosives." *In re: Charles Neuman*, No. 16-30646 (5th Cir. June 20, 2016) (Doc. # 00513554842 therein). Thus, neither *Johnson* nor *Mathis* are relevant to the enhancement of Neuman's sentence.

Even if the Court could reach the merits of the claim Neuman actually does assert, that claim is without merit. Three of the five prior felony convictions used to enhance Neuman's sentence were for first-degree robbery. Louisiana law provides:

> First degree robbery is the taking of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, when the offender leads the victim to reasonably believe he is armed with a dangerous weapon.

La. R. S. §14:64.1. Louisiana's criminal code defines a "crime of violence" as:

> Any offense that has, as an element, the use, attempted use, or threatened use of physical force against the person or property of another, and that, by its very nature, involves a substantial risk that *physical* force against the person or property of another may be used in the course of committing the offense or an offense that involves the possession or use of a dangerous weapon.

La. R. S. §14:2(B) (emphasis added). Notably, first-degree robbery categorically constitutes a "crime of violence" for purposes of Louisiana law, La. R. S. §14:2(B)(22), and thus necessarily involves "the use, attempted use, or threatened use of *physical* force against the person or property of another…."

In *United States v. Brown*, 437 F. 3d 450, 452-53 (5th Cir. 2006), the Fifth Circuit held that a conviction for simple robbery under Louisiana law—identical in its elements to first degree robbery but without the presence of a deadly weapon—constituted a "violent felony" within the meaning of 18 U.S.C. § 924(e)(1) because it necessarily "has as an

9

element the use, attempted use, or *threatened* use of *physical* force against the person of another," the "use of force" clause set forth in § 924(e)(2)(B)(i).

Neuman contends that in light of the Supreme Court's 2010 decision in *Johnson v. United States*, 559 U.S. 133 (2010), *Brown* can no longer be considered good law. In *Johnson*, the Court held that simple battery under Florida law cannot constitute a predicate under the "use of force" clause because the "simple unwanted touch" which can satisfy the Florida battery statute does not satisfy § 924(e)(2)(ii)'s "physical force" requirement. *Id.* at 139-43.

Purely as a matter of Louisiana law, first-degree robbery necessarily entails the "threatened use of *physical* force" pursuant to La. R. S. §14:2(B). As a matter of federal law, the Supreme Court in *Johnson* itself indicated that unlike battery, robbery is precisely the sort of crime that involves the "threatened use of physical force against the person of another," within the meaning of § 924(e)(2)(B)(i). *Id.* at 139 ("Black's Law Dictionary 717 (9th ed. 2009) ... defines 'physical force' as '[f]orce consisting in a physical act, esp. a violent act directed against a robbery victim.'"). Predictably, the Fifth Circuit continues to adhere to *Brown* after *Johnson*. *Cf. United States v. Richardson,* 672 F. App'x 368, 372 (5th Cir. 2016); *United States v. Ovalle-Chun*, 815 F. 3d 222, 226 (5th Cir. 2016). This result is wholly consistent with the approach taken by federal courts across the country. *See Smith v. United States*, No. 2:16-CV-139-JRG, 2016 WL 7365634, at *4 (E.D. Tenn. Dec. 16, 2016) ("All federal courts of appeals which have considered robbery offenses that, like North Carolina robbery, require more force than mere purse snatching have concluded that such offenses qualify as either crimes of violence or violent felonies under the use-of-physical-force clause.") (collecting cases).

The Court thanks Neuman's extended family for expressing their concern for his well-being and for their ongoing support during his prison term. However, his habeas petition does not provide a basis for relief from his sentence. Accordingly,

**IT IS ORDERED** as follows:

1. Neuman's Motion to Expedite (Doc. # 8) is **GRANTED**;

2. Neuman's Motion for Summary Judgment (Doc. # 10) and Motion for Leave to Proceed *in forma pauperis* (Doc. # 11) are **DENIED**;

3. Neuman's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

4. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

5. A Judgment shall be entered contemporaneously herewith.

This 29th day of August, 2017.

Signed By:
*David L. Bunning* DB
United States District Judge

k:\data\orders\prose\neuman 17-03-dlb memorandum rbw.docx